**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI, | ) | |
| | ) | |
| Plaintiff, | ) | 22 CV 1638 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| Sheriff Dart , et al., | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**ALL CASE JOINT STATUS REPORT**

The Plaintiff, Christopher Mansoori ("Plaintiff"), both *Pro Se* and through his attorney, George C. Pontikes and Defendants, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through their respective Assistant State's Attorney's, Jorie R. Johnson, Joel Zeid, and Miguel Larios and in compliance with the Court's order (Dkt. 34.) submit the following Joint Status Report:

**Executive Summary**

The Parties have grouped Plaintiff Christopher Mansoori's cases currently in litigation, where Defendants employed by the Cook County Sheriff's Office and County of Cook are represented by the Cook County States Attorney's Office, into the following four categories, discussed more fully below:

A) Two cases in which discovery is not proceeding because Defendants have not been served.

B) Three cases in which there are pending motions to dismiss.

C) Six cases that are currently proceeding with discovery based on the limited issue of exhaustion of administrative remedies pursuant to *Pavey v. Conely*, per Defendants' affirmative defense of Plaintiff's failure to exhaust administrative remedies.

1

D)  Four cases in which merit-based discovery is currently underway.

**A.  Cases Currently Awaiting Service on Defendants.**

The Parties have identified the following two cases below in which no Defendants have been served.

| **Case name** | **Case Number** | **Defendants** | **Status of Service** |
|---|---|---|---|
| Christopher Mansoori v.  C.O. Smith | 2021- CV- 6242 | C.O. Hadaad; C.O. Smith | No Service on Defendants |
| Christopher Mansoori v.  Sheriff Dart, et al. | 2022-CV-1638 | Sheriff Dart; Alesia Hines | No Service on Defendants |

**2021-CV-6242**
**Christopher Mansoori v. C.O. Smith**

This is an excessive force claim, where Plaintiff alleges that unknown officers used excessive force against him on November 15, 2019.

1.      Plaintiff issued Interrogatories to identify unknown officers on November 22, 2022. Nominal Defendant Sheriff Dart responded to Plaintiff's written discovery on December 22, 2022. Plaintiff filed a Motion to Compel against Nominal Defendant Dart on December 5, 2022. The Parties conducted a Local Rule 37.2 conference on January 19, 2023. The parties agreed that Defendants would supplement written discovery responses by February 2, 2023.

2.      The Parties subsequently met again on February 1, February 16, and February 28 for further Local Rule 37.2 conferences in order to discuss issues related to Plaintiff's Motion to Compel. In March of 2023, Plaintiff agreed to withdraw his Motion to Compel after the parties came to an agreement regarding the identification of parties C.O. D. Smith and C.O. Hadaad. Plaintiff filed his Amended Complaint on May 16, 2023 (Dkt. 38.), subsequent to the Court's 1915

2

A review. No other written discovery has been issued or exchanged by either party in connection with this case.

**2022-CV-1638**
**Christopher Mansoori v. Sheriff Dart**

This is a delay in medical care case where Plaintiff alleges he was exposed to Covid-19 and left without medical treatment.

1.      Plaintiff issued Interrogatories to identify unknown officers on November 22, 2022. Nominal Defendant Sheriff Dart responded to Plaintiff's written discovery on December 22, 2022. Plaintiff filed a Motion to Compel against Nominal Defendant Dart on December 5, 2022. The Parties had a Local Rule 37.2 conference on January 19, 2023. The parties agreed that Defendants would supplement written discovery responses by February 2, 2023.

2.      The Parties subsequently met again on February 1, February 16, and February 28 for further Local Rule 37.2 conferences to discuss issues relating to Plaintiff's Motion to Compel. Plaintiff agreed to withdraw his Motion to Compel after the parties came to an agreement regarding the identification of parties. Plaintiff filed his Amended Complaint on April 5, 2023 ( Dkt. 29.), after the Court completed its 1915 A review. On May 10, 2023, Plaintiff's Motion to Compel was denied as moot since Plaintiff obtained the identity of the Nurse Jane Doe (Nurse Alesia Hines). (Dkt. 31.) No other subsequent written discovery has been issued or exchanged by either party in connection with this case.

**B.   Cases Currently Pending Before the Court, Awaiting Ruling On Fully Briefed Motions to Dismiss.**

The Parties have identified the following three cases below, each matter has  or had a fully briefed, pending Motion to Dismiss on file.

| **Case name** | **Case Number** | **Status of Motion to Dismiss** |
|---|---|---|
| Christopher Mansoori v. Christopher Stadnicki, PA- C | 2022-CV-2471 | Motion to Dismiss Fully Briefed as of January 18, 2023 |
| Christopher Mansoori v. Sergeant Aaron Williams | 2022-CV-1635 | Fully Briefed Motion to Dismiss denied on May 30, 2023 |
| Christopher Mansoori v. Ms. Pickens and Ms. Vanco | 2022 -CV- 3485 | Motion Dismiss Granted on April 5, 2023. Plaintiff given until April 20, 2023 to file Amended Complaint. No Amended Complaint has been filed as of today's date |

### 2022-CV-1635
### Christopher Mansoori v. Sergeant Aaron Williams

This is a retaliation case where Plaintiff alleges that Sgt. Williams played a role in aggressively placing another inmate into Plaintiff's cell, beating that inmate, and directing intimidating comments toward Plaintiff regarding his lawsuits in an attempt to thwart Plaintiff's ability to file subsequent suits.

1.      On May 30, 2023 the Court denied Defendant Sgt. Williams Motion to Dismiss and an answer has not yet been filed, but will be by the deadline of June 13, 2023.  The Parties have propounded written Discovery. The Parties are currently reviewing and answering propounded  written discovery. The Parties will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 2 months.

## 2022-CV-2471
### Christopher Mansoori v. Christopher Stadnicki, PA-C

This is an unreasonable medical care case where Plaintiff alleges failure to provide a proper diet during his incarceration, causing a broken finger. Plaintiff alleges the time period to have occurred from September 21, 2016 to February 15, 2018.

1.      The Parties have propounded written discovery and are in the process of reviewing and responding. The Parties will then determine if further written discovery or a conference is needed. This case currently has a fully briefed motion to dismiss pending on a ruling from the court based on a Statue of Limitations and improper Service. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 2 months. The Parties plan to proceed with briefing on the issue of exhaustion if Defendants Motion to Dismiss is not granted. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

## 2022-CV-3835
### Christopher Mansoori v. Ms. Pickens and Ms. Vanco

This is an access to court case where Plaintiff alleges, he was denied access to law library, causing damage to an appeal he was proceeding with in court in December of 2017.

1.      Defendants issued written discovery on April 5, 2023 in accordance with Discovery Case Management Order. (Dkt. 43.) Per the April 6, 2034 order entered by the Court, Plaintiff's Complaint was dismissed, and Plaintiff was granted until April 20, 2023 to amend. (Dkt. 45). On April 26, 2023 Plaintiff issued discovery requests on Defendants, but no Amended Complaint has been filed and thus there is no operative Complaint. The Parties are currently reviewing and

answering propounded written discovery, although no Operative Complaint exists to await the Courts final orders regarding dismissal.

**C. Cases Regarding Plaintiff's Failure to Exhaust his Administrative Remedies**

Defendants have identified the below six cases where Plaintiff failed to exhaust his administrative remedies. As such, Defendants asked that discovery be limited to the issue of exhaustion of administrative remedies, so the matter may be addressed by motion prior to any discovery taken for any issues on the merits. Magistrate Judge Gilbert granted this request on March 2, 2023 in all the cases.

| **Case name** | **Case Number** | **Defendant(s)** |
|---|---|---|
| Christopher Mansoori v. Superintendent Brown and Commander Garcia | 2017-CV-8846 | Superintendent Brown Commander Garcia |
| Christopher Mansoori v. Correctional Officer Squires, et al. | 2021-CV-5881 | Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen |
| Christopher Mansoori v. Jovante Thomas ("JT") | 2022-CV-1634 | Jovante Thomas ("JT") |
| Christopher Mansoori v. Correctional Officer Larkin | 2022-CV-2469 | Correctional Officer Larkin |
| Christopher Mansoori v. Dr. Montgomery | 2022-CV-2470 | Dr. Montgomery |
| Christopher Mansoori | 2022-CV-2471 | Christopher Stadnicki, PA- C |

| v.  Christopher Stadnicki, PA-C[1] | | |
|---|---|---|
| Christopher Mansoori v.  Correctional Officer Patel | 2022- CV- 3484 | Correctional Officer Patel |

## 2017-CV-8846
### Christopher Mansoori v. Superintendent  Brown and Commander Garcia

This is a conditions of confinement case where Plaintiff alleges Superintendent Brown only permitted Plaintiff to wash his clothes on two occasions, from July 2, 2017 to November 3, 2017. Plaintiff further alleges Commander Garcia failed to remove black mold August 26, 2017 to February 15, 2018.

1.      No written discovery has been issued or exchanged by either party in connection with this case. The Parties each plan to propound written discovery within 21 days. The Parties will review responses to written discovery and then determine if further written discovery or a conference is needed. The Parties are planning to work together to arrange depositions in the next 3 months and then proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

## 2021-CV-5881
### Christopher Mansoori v. C.O. Kimberly Squires, et. al.

This is a conditions of confinement case where Plaintiff alleges lack of access to recreation, sunlight, and fresh air  from the time of December 2019 through June 2021 against Defendants

---

[1] This matter has a pending motion to dismiss as well as an issue regarding Plaintiff's failure to exhaust administrative remedies and had been identified in both sections.

Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen.

1.    The Parties have propounded written Discovery. The Parties are currently reviewing the responses to the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 2 months and then proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

## <u>2022-CV-1634</u>
## <u>Christopher Mansoori v. Jovante Thomas ("J.T.")</u>

This is a conditions of confinement case where Plaintiff alleges, he was subjected to living with mice and roaches during December of 2021.

1.    The Parties have propounded written Discovery. The Parties are currently answering and reviewing the responses to the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 2 months and then plan to proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

### 2022-CV-2469
### Christopher Mansoori v. C.O. Larkin, et. al.

This is a conditions of confinement case. Plaintiff alleges destruction of belongings in cell, including contact lenses on December 24, 2016.

1.      The Parties have propounded written Discovery. The Parties are currently answering the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties are planning to work together to arrange depositions in the next 2 months and then plan to proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

### 2022-CV-2470
### Christopher Mansoori v. Dr. Montgomery, et. al.

This is an unreasonable medical care case where Plaintiff alleges Defendant Dr. Montgomery's failure to provide dental care caused tooth decay and pain while he was incarcerated been the dates of June 30, 2017 until February 15, 2018.

1.      The Parties have propounded written Discovery. The Parties are currently answering the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties are planning to work together to arrange depositions in the next 2 months and will then plan to proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

## 2022-CV-3484
## Christopher Mansoori v. C.O. Patel

This is a conditions of confinement case, where Plaintiff alleges the Defendant placed him in isolation without cause, allowing an inmate to spray Plaintiff with urine and chemicals between the dates of February 21 and February 28, 2016.

1.      The Parties have propounded written Discovery. The Parties are currently answering written discovery and will then determine if further written discovery or a conference is needed. The Parties are planning to work together to arrange depositions in the next 2 months and then plan to proceed with briefing on the issue of exhaustion. The Parties reserve the right to serve further written discovery and depose any parties or other witnesses on the merit issues in this case if the case proceeds after the briefing on the issue of exhaustion.

**D.      Cases Ready to Proceed with a Regular Discovery Schedule.**

The Parties have identified the below four cases where merit-based discovery is underway.

| **Case name** | **Case Number** |
|---|---|
| Christopher Mansoori v. Director Morrison | 2021-CV-6173 |
| Christopher Mansoori v. Mellicent Ear ( "Ms. Milly) | 2021-CV-6379 |
| Christopher Mansoori v. Christopher Stadnicki, PA- C | 2022-CV-1632 |
| Christopher Mansoori v. Sergeant Amador, et. al. | 2022-CV-1642 |

## 2021-CV-6173
## Christopher Mansoori v. Director James Morrison

This is a conditions of confinement case where Plaintiff alleges, he was subjected to extremely cold temperatures from November 7, 2019 through February 12, 2021.

1.      The Parties have propounded written Discovery. The Parties are currently reviewing the responses to the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 2 months.

## 2021-CV-6379
## Christopher Mansoori v. Mellicent Ear ("Ms. Milly")

This is an access to courts and retaliation case where Plaintiff alleges Librarian Mellicent Ear failed to provide him with reasonable access to the Jail library for purposes of conducting legal research. Plaintiff further claims that the Defendant Ms. Ear then retaliated against him for suing other librarians during the time period of October 31, 2019 through March 2022.

1.      The Parties have propounded written Discovery. The Parties are currently reviewing the responses to the propounded written discovery and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 4 months.

## 2022-CV-1632
## Christopher Mansoori v. Christopher Stadnicki, PA-C

This is a delay in medical care case, where Plaintiff alleges a six-week delay in obtaining treatment for a broken hand, resulting in injury and pain.

1.      The Parties have propounded written Discovery. A new, Nurse Baines, was recently named in this case and has not yet been served nor has discovery been exchanged relating to this Defendant. The Parties are currently reviewing the responses to written discovery which has been propounded and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 4 months.

### 2022-CV-1642
### Christopher Mansoori v. Sergeant Amador, et. al.

This is a conditions of confinement case where Plaintiff alleges he suffered inhalation of drugs, chemicals, toxic fumes, and secondhand smoke while incarcerated between the dates of December 2020 – February 2022, identifying Assistant Executive Director Erica Queen, Executive Director Don Beachem, Superintendent Kia McCray, Lieutenant James Holmes, and Sergeant Antonio Amador as Defendants.

1.      The Parties have propounded written Discovery. Cook County was recently named as a Nominal Defendant in this case, although no new discovery requests have been exchanged between Plaintiff and Cook County. The Parties are currently reviewing the responses to the remaining written discovery and will then determine if further written discovery or a conference is needed. The Parties recently met via video conference on zoom for a recurring bi-weekly discovery discussion and another conference is scheduled for June 14, 2023. The Parties are planning to work together to arrange depositions in the next 4 months.

Respectfully submitted,

*/s/ Jorie R. Johnson*
Jorie R. Johnson

Joel M. Zeid
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
Jorie.Johnson@cookcountyil.gov

*/s/ Miguel E. Larios*
Miguel E. Larios
Assistant States Attorney
Conflicts Counsel Unit
500 Richard J. Daley Center
Chicago, Illinois 60602
Miguel. Larios@cookcountyil.gov

*/s/ George C. Pontikes*
George C. Pontikes
George C. Pontikes & Associates, P. C
180 W. Washington Street,
#400
Chicago, Illinois 60602
Tel: (312) 220-0022
Georgepontikes@gmail.com

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson hereby certify that I have caused true and correct copies of ***All Case Joint Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on this 5th day of June 2023.

To:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ *Jorie R. Johnson*
Jorie R. Johnson