IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JXM

**FILED**

Christopher James Mansoori,

Plaintiff

V.

Sheriff Thomas Dart, et. al,

Defendant

eN AUG 18 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.: 22-CV-1638
Honorable Lindsay C. Jenkins
Magistrate Jeffrey T. Gilbert

## PLAINTIFF'S REPLY TO DEFENDANT SHERIFF DART'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes the Plaintiff, Christopher Mansoori, pro se, and hereby replies to Defendant Dart's answer to Plaintiff's amended complaint, pursuant to Federal Rules of Civil Procedure, Rule 7(a)(7), as follows:

## I. The defendant is not Entitled to Qualified Immunity as an Affirmative Defense

1. Defendant Dart knowingly allowed his subordinates in classification, to recklessly move inmates through out the jail, in a time period that was well established as being of a high risk for cross contamination and exposure to covid 19.

2. This conduct was objectively unreasonable and Tom Dart knowingly allowed the subordinates he supervised, to expose myself and others to covid19.

3. Tom Dart has a duty to maintain standards of protocol that would limit the risks known to cause infection to the inmates he houses, Tom Dart was recklessly indifferent to the risks of covid19 and the duty he has to limit those risks for the inmates he is responsible for. In this manner, Tom Dart imposed covid19 upon the defendant.

4. Tom Dart also oversaw all of his subordinates remove all Healthcare, grievance, and regular request forms for approximately a month's time, so no one could request help or document Tom Dart's violations. Tom Dart used covid19 to bolster funding for the jail, by deliberately cross-contaminating inmates to the virus, so that tiers would all become quarantined and claims for increased funding due to the virus, would be fulfilled by the Department of Justice. Tom Dart was knowingly indifferent to the harm covid19 would bring to the **Plaintiff** when he allowed classification to move infected inmates around the jail.

5. Tom Dart failed to uphold his duty and violated Plaintiff's constitutional rights when he recklessly allowed covid19 to be imposed upon Plaintiff.

6. Accordingly, Defendant is not entitled to Qualified Immunity as an affirmative defense.

II. Plaintiff Exhausted the Administrative Process Pursuant to

2 of 7

42 U.S.C. §1997e(a)

7. Once forms were provided, the Plaintiff grieved the covid issue, appealed the responses, and subsequently raised the issue with the IDOC Jail and Detention Standards Unit in Springfield, IL via the mail, prior to the lawsuit being filed.

8. Accordingly, the affirmative defense "failure to exhaust" is not applicable.

## III. The PLAINTIFF Acted Reasonably to Mitigate Damages

9. The Plaintiff requested medical attention when he was ill and it was ignored. Any long term damage the Plaintiff may suffer is out of his control, besides diet and excercise, in which Plaintiff positively pursues, continously.

10. Plaintiff could not control his exposure to covid19, it was imposed upon him, to the extent Defense alleges Plaintiff failed to mitigate his damages in this regard their argument is barred as it is the basis of the complaint.

## IV. PLAINTIFF Seeks Compensation for Mental Distress Pursuant to 42 U.S.C. §1997e(e)

11. Plaintiff has made a Primafacie case of an injury, also alleging fraud contained in medical reports related to that injury.

12. To the extent defense claims Plaintiff cannot prove injury, therefore he is not entitled to compensation for mental distress, their argument is nullified because fraud was committed to conceal the proof of the injury. Defendants cannot benefit or limit Plaintiff's claims just because they strategically commit fraud and/or were negligent in establishing the fact of an injury within medical reports.

13. Accordingly, Plaintiff seeks compensation for mental distress.

V. Plaintiff does not seek Punitive Damages from Tom Dart

14. Tom Dart is being sued in his official capacity, he is immune from punitive damages.

VI. The Heightened level of Exigency within the Jail was Attributable to Defendant's Recklessness and Unreasonableness

15. Tom Dart should not be allowed to claim "exigent circumstances" as an Affirmative Defense when a worldwide Pandemic is the time to be ever more prudent within his discretion. Yes the world was in a pandemic, that is why making decisions according to objectively reasonable standards, is all the more the standard within the Jail, as the dangerous time called for. It was Dart's failure.

16. It was Tom Dart's duty to make sure classification was not

reckless and exposing inmates to the highly contagious virus, needlessly. The defendant failed to uphold his duty, as making 17,000 inmate movement transfers during covid is most definitely not objectively reasonable.

17. Tom Dart created the heightened level of exigency within the Jail, that's why the Jail was deemed a "hot spot" for covid. Inmates were more likely to catch covid in jail then in the world because of the lack of care by the jail. Tom Dart and classification caused the high infection rate in the jail, then claimed it wasn't their fault because the whole world was experiencing some kind of exposure to the virus anyways. This does not excuse Dart's duty to make objectively reasonable decisions to limit cross-contamination and exposure, as much as is plausibly possible.

18. In fact, the County profited from covid 19 and wanted inmates to become infected so they could heighten claims for re-imbursement. Dart and classification were reckless and deliberately indifferent, knowingly, because the County government benefited from the cross-contamination subjected upon inmates.

19. Accordingly, the defendant is not entitled to the affirmative defense of "Exigent Circumstances".

## Jury Demand

Plaintiff respectfully requests a trial by jury.

Wherefore, the Plaintiff requests this Honorable Court denies any relief

defendant seeks,

Respectfully submitted,
Christopher Mansoori,

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct,

Christopher Mansoori 8-3-23
Christopher Mansoori 20191007189
2700 S. California
Chicago IL 60608

Certificate of Service

I, Christopher Mansoori, swear under penalty of perjury, that I filed Plaintiff's Reply to Defendant Sheriff Dart's Answer to Plaintiff's Amended complaint, with the clerk of the United States District Court, by handing the document in an envelope with proper postage, to Jail staff, for outgoing mail, addressed to: Prisoner Correspondence, 219 S. Dearborn Street, Chicago IL 60604. I simultaneously sent a copy to defense counsel, addressed to: Jorie Johnson, Assistant State's Attorney's office, 50 W. Washington Chicago IL 60602, with proper postage, via the U.S.P.S., both mailings given to Jail staff on 8/14/23 for outgoing mail.

Christopher Mansoori
20191007149
2700 S. California
Chicago IL 60608