THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
DEC 04 2023 mck
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Christopher Mansoori<br><br>Plaintiff<br><br>v<br><br>Tom Dart, et al.<br><br>Defendants | Case No. 22-CV-01638<br>Judge Lindsay C. Jenkins<br>Magistrate Jeffrey T. Gilbert |

# PLAINTIFF'S RESPONSE TO DEFENDANT ALESIA HINES' MOTION TO DISMISS

Now comes the Plaintiff, Christopher Mansoori, pro se, responding to Defendant Alesia Hines' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 12(e) in the alternative, as follows:

## I. PLAINTIFF'S AMENDED COMPLAINT WAS TIMELY FILED AND HE ADHERED TO THE APPLICABLE TOLLING RULES

PLAINtiff filed his original complaint against defendants March 29, 2022. It was days before the statute of limitations expired, to name the Jane Doe defendant. The defendant, now named, Alesia Hines, wore a cap over her entire head, wore a covid mask, and a plastic face shield, the days Plaintiff

1 of 8

alleges she was deliberately indifferent to his serious medical needs. She also did not wear her I.D, so that her name was visible. All of those factors made it impossible to name the defendant, without factual Discovery produced, to ascertain the defendant's identity.

Additionally, Plaintiff alleged in case #21-CV-06379 that Ms. Milly deliberately denied him 1983 forms, in general, to block him from filing claims, including affecting the above titled case number. Ultimately, Plaintiff obtained the needed 1983 forms from the Clerk of the United States District Court, right before the statute of limitations expired and timely filed his complaint, with Jane Doe named as the defendant.

Honorable Judge Andrea Wood scrutinized Plaintiff's complaint under a 1915A review, and concluded Plaintiff's claims had merit. On page 4 ¶ 3 of Judge Wood's order, dated July 25, 2022, she states "Mansoori should therefore attempt to identify the Doe Defendant as soon as possible in light of the statute of limitations and applicable tolling rules. See Bryant v. City of Chicago, 746 F.3d 239 (7th Cir. 2014)". In Bryant, the appellate court ruled the "district court should have equitably tolled the two-year limitations period." Therefore it is proper to conclude it is within the discretion of the court, to apply the "doctrine of equitable tolling to postpone the deadline for suing until he can obtain the necessary information," as Bryant states. Judge Wood allowed Plaintiff time, under these applicable tolling rules, to obtain the name of the defendant through the discovery process and time to file an amended complaint replacing Jane Doe with Alesia Hines' name.

The Plaintiff wrote interrogatories requesting the name of Jane Doe, from the dates complained of. Defense answered Plaintiff's interrogatories with relevant medical reports. The documents were mailed to Plaintiff, that envelope is post marked approximately December 21, 2022. The jail did

not hand Plaintiff the mail for much later. At that time, Plaintiff received mail in the first week of February, from five weeks before. On or about February 28, 2023, Plaintiff filed the amended complaint, with the information Defense Counsel had finally provided, within the Discovery process.

Considering all of these facts in total, Defendants' present argument to Dismiss, entirely ignores the fact the Court excercised it's authority and Discretion, to toll the statute of limitations, permitting Plaintiff time to gain knowledge of the defendants' name, and to subsequently file an amended complaint naming Alesia Hines. In this light, Plaintiff's Amended complaint was timely filed and can not be deemed time-barred.

## II. PLAINTIFF ALLEGED FACTS THAT SUPPORT A DELIBERATE INDIFFERENCE CLAIM

Defendant cites Farmer v. Brennan, 511 U.S. 825 (1994) in establishing the deliberate indifference standard. Plaintiff contends this case law supports his deliberate indifference claim. In Farmer, the Court analogized deliberate indifference to criminal recklessness. A Plaintiff must establish that Defendants acted or failed to act with "deliberate indifference" despite knowledge of a substantial risk to the inmate's health or safety. "An act is reckless in the pertinent sense when it reflects complete indifference to risk—when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." Archie v. City of Racine, 847 F.2d 1211, 1219 (7th Cir. 1988)

The Plaintiff plead facts that he was extremely ill with covid, that he was in a coma like state for days, that he has a pre-existing heart condition, that he gave Alesia Hines notice of his immediate condition, and she failed to test him

for Covid or administer any medical treatment at all. Alesia Hines knew Plaintiff had a serious heart condition that heightens the effects of covid, drastically increasing the risk of death and yet she still ignored Plaintiff's serious medical needs. The defendant sent the Plaintiff to the hospital on 12/31/19, within 100 days of the date Plaintiff raises complaint about (4/4/20), and she learned through records and verbally with Plaintiff that Plaintiff's heart backflowed blood. Also, Plaintiff gave her immediate notice on April 4, 2020, he was very ill and he couldn't breathe and his heart... She was nasty to the Plaintiff in his weakend state, saying, "I'm not doing anything for you, you have a nasty attitude." She even went as far as fraudulently entering into a medical report that Plaintiff was "belligerent and refused vital check," when she denied Plaintiff treatment and dismissed him back to his cell. This conduct was objectively unreasonable and was carried out knowingly, in violation of the Plaintiff's constitutional rights. The defendant's conduct and the facts Plaintiff articulates in his amended complaint related to her conduct, amount to a clear and definite deliberate indifference claim. The Court properly considered the totality of the Plaintiff's medical circumstances, when assessing deliberate indifference to his serious medical needs, while conducting the 1915A review of Plaintiff's Amended Complaint.

## III. PLAINTIFF PROPERLY EXHAUSTED ADMINISTRATIVE REMEDIES UNDER THE PLRA STANDARD

To begin, the Plaintiff complained about jail staff not providing medical request slips and grievance forms at all, for weeks, while the tier was sick with covid, so that inmates could not document anything. In ¶2 of page 4, of Judge Wood's order, dated July 25 2022, at the bottom of that paragraph, she states,

"If Mansoori purports to offer his inability to file a grievance to excuse himself from the PLRA requirement, he has successfully plead such." Be that as it may, the Plaintiff filed several grievances in near proximal time to the issues complained of and successfully appealed those issues related to Defendant Alesia Hines' conduct. Those documents were also sent to IDOC Jail and Detention Standards Unit, fully exhausting the process. Therefore, at the time your Honor, Judge Jenkins, reviewed the amended complaint, the Plaintiff fulfilled the PLRA requirements entirely. Judge Wood's statement in regard to Plaintiff being excused from the PLRA is nice, but is not necessarily needed because Plaintiff can prove he exhausted the process anyways. Plaintiff is not barred, nor are his claims, by the PLRA. Defendant's assertions are baseless.

## IV. PLAINTIFF'S COMPLAINT IS NOT VAGUE AND AMBIGUOUS AND A MORE DEFINITE STATEMENT IS NOT REQUIRED PURSUANT TO R. 12(e)

Plaintiff is a pro se litigant, that filed his amended complaint on a required, prisoner, 1983 form. The form instructs the petitioner not to make any legal arguments. This is why Courts construe pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Complaints are still required to include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on it's face." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). "In reviewing the sufficiency of a complaint under the plausibility standard, courts accept the well-pleaded facts in the complaint as true." Alam v. Miller Brewing Co. 709 F. 3d 662, 665-66 (7th Cir. 2013). These are the standards that must be met when the Court screens complaints under 1915A review. The review requires application of the same standard as for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In essence, the defendant is asking the Court to reassess the Amended Complaint on the same grounds it scrutinized the complaint to start with. The Court was able to ascertain the factual allegations, the claims, and each defendant related to each, and Plaintiff's amended complaint survived 12(b)(6) scrutiny.

To the extent Defense Counsel claims Plaintiff's complaint is perplexing and difficult to decipher, Plaintiff contends this is a futile attempt to cause undue burden or aggravation to Plaintiff, to work harder where it isn't necessarily required. If the Court can construe Plaintiff's complaint and clearly distinguish which allegations or claims apply to each defendant, then there is no reason why Defense Counsel can not. Obviously Plaintiff's complaint is handwritten, he's in jail without a computer to use or print. This should not be a weighing factor in determining whether or not Plaintiff's statement is clear and alleges facts that amount to claims in this Court, and named Defendants' conduct is decipherable and distinguishable within that statement of allegations. Plaintiff's complaint alleges facts that are clearly directed to each defendant, separately.

Additionally this Court's 1915A review is designed to assess a pro se prisoner's factual allegations and determine if those facts state a claim under specific law. This Court's analysis and order related to Plaintiff's amended complaint is meant for both the Plaintiff and Defendant to see, to ascertain

which well plead factual allegations, amount to a claim and under which standard of law. If the Plaintiff was substandard in his statement in anyway, although this Court did not deem it so sub-standard as to not accept it, the Court's analysis and order after 1915A review completed, clarified the claims and to which party each claim is directed. Therefore, the defendant is able to prepare a responsive pleading and Rule 12(e) in the alternative is not warranted.

Wherefore, the Plaintiff prays this Honorable Court denies Defendant's Motion to Dismiss, for all of the reasons stated herein.

      Submitted with the Utmost Respect
      for the Federal Court of the U.S.,
       Christopher Mansoori

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Christopher Mansoori 11-24-23
      Christopher Mansoori
      20191007189
      2700 S. California
      Chicago IL 60608

## Certificate of Service

I, Christopher Mansoori, swear under penalty of perjury, that I filed Plaintiff's Response to Defendant Alesia Hines' Motion to Dismiss, with the Clerk of the United States District Court, by handing the document to jail staff for outgoing mail, with proper postage and a sealed envelope, addressed to: Prisoner Correspondence, Clerk of the United States District Court, 219 S. Dearborn Street, Chicago IL 60604, on 11/27/23. I simultaneously sent a copy to both Defense Counsels, via the U.S.P.S., by handing the documents to jail staff, one addressed to: Jorie Johnson, Cook County State's attorney's office, 50 W. Washington, Chicago IL 60602, and the other addressed to: Devore Radunsky LLC, 230 W. Monroe Street, Ste. 230, Chicago IL 60606

Christopher Manzoni
20191007189
2700 S. California
Chicago IL 60608



Prisoner Correspondence
Clerk of the United States District Court
219 S. Dearborn Street
Chicago IL 60604

RECEIVED
DEC 04 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

