UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori, (#20191007189)<br>   *Plaintiff*,<br><br>v.<br><br>Dart, *et al.*,<br><br>   *Defendants* | No. 22 CV 1638<br><br>Judge Lindsay C. Jenkins |

### ORDER

Defendant Hines' motion to dismiss for failure to state a claim [Dkt. 59] is granted. The Court dismisses the claim against Defendant Alesia Hines with prejudice because it is untimely. Plaintiff may continue to litigate his claims against Defendant Dart.

### STATEMENT

On March 29, 2022, Plaintiff Christopher Mansoori, a detainee at Cook County Jail ("the Jail"), brought this *pro se* civil rights action under the Civil Rights Act, 42 U.S.C. § 1983, claiming unconstitutional conditions of confinement and inattention to his serious medical needs surrounding the Covid-19 pandemic. On July 25, 2022, the Court allowed him to proceed with his claim that an unidentified Jane Doe nurse at the Jail failed to treat his Covid-19 infection and symptoms he experienced from March 29 through April 12, 2020. [Dkt. 6.] Plaintiff did not identify that nurse's name—Alesia Hines—until he submitted his amended complaint in February 2023. [Dkt. 26.] On April 5, 2023, the Court allowed Plaintiff to proceed on the amended complaint with a claim of inadequate medical care against Hines and a claim of unconstitutional conditions of confinement against Sheriff Dart in his official capacity. [Dkts. 28, 29.]

Defendant Hines has now moved to be dismissed, arguing that Plaintiff's claim against her is time-barred. [Dkt. 59.] For the reasons explained, the motion is granted.

A statute of limitations is an affirmative defense, which can be raised on a motion to dismiss if the complaint's allegations make it clear that the claim is untimely. *Jones v. Bock*, 549 U.S. 199, 215 (2007)). If the plaintiff's allegations, accepted as true, foreclose his claim, then he has pleaded himself out of court. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Dismissal under such circumstances is appropriate only where "the allegations of the complaint itself set

forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely.")

Section 1983 does not contain an express statute of limitations so federal courts have adopted the forum state's statute of limitations. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). In Illinois, the statute of limitations is two years "after the cause of action accrued." 735 ILCS 5/13–202 (2005); *Flynn v. Donnelly*, 793 Fed. Appx. 431, 434 (7th Cir. 2019); *Lewis*, 914 F.3d at 478. A claim accrues "when a plaintiff knows the fact and the cause of an injury." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

Plaintiff's claim regarding inadequate medical treatment for a bout of Covid-19 alleges all the facts necessary to resolve the statute of limitations issue. The claim accrued at the time of the events described in the complaint because Plaintiff knew of the "fact and cause" of his injury. *Amin Ijbara*, 860 F.3d at 493 (accrual is not delayed simply because the full extent of the injury is not yet known or predictable.) In other words, at the time he had Covid-19, Plaintiff was then on notice that he may have had a claim. *See, e.g., Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (when a plaintiff is injured by a sudden, traumatic event, the nature and circumstances of the event put the plaintiff on notice that actionable conduct may be involved). As a result, the two-year statute of limitations for a claim against Hines expired two years after April 12, 2020, that is, April 12, 2022, which was about two weeks after Plaintiff initiated this lawsuit. Plaintiff's amended complaint is dated February 16, 2023, so he named Hines as a defendant more than two years after his claim accrued.

Plaintiff's claim against Hines is therefore time-barred unless the relation-back doctrine or a form of equitable tolling applies. Hines argues that neither doctrine saves Plaintiff's untimely claim.

*Relation Back*

Plaintiff did not respond to Hines's relation-back arguments, and the Court agrees that the relation-back doctrine cannot save the untimely claim. Under Federal Rules of Civil Procedure 15(c)(1), an amendment adding the name of an individual who was originally sued as John or Jane Doe relates back to the date of the original complaint if: (1) the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence as the original pleading; (2) within the period provided for by Rule 4(m), the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the new party "knew or should have known that the action would be brought against it, but for a mistake

2

concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

Naming a "John Doe" defendant is not a "mistake" for purposes of the relation-back doctrine. See *Herrera v. Cleveland*, 8 F.4th 493, 499-99 (7th Cir. 2021) (naming a "John Doe" defendant as a placeholder is appropriate when a plaintiff lacks identifying information, and thus is a "conscious choice, not an inadvertent error"); *Owens v. Lamb*, No. 21-1148, 2023 WL 3674666, at *3 (7th Cir. May 26, 2023) (unpublished order) (plaintiff "did not file his amended complaint naming [a nurse as a defendant] until eight months after the two-year deadline. His ignorance of her name before then does not entitle him to the benefit of the relation-back doctrine of Rule 15(c).") *Hill v. Wingerd*, 2022 WL 4292182, at *4 (S.D. Ind. Sept. 16, 2022) (under *Herrera*, "naming John Doe defendants does not preserve claims against those defendants to be raised in a future amended complaint"); *Lane v. City of Chicago*, 2022 WL 19325, at *2 (N.D. Ill. Jan. 3, 2022) ("*Herrera* settles the issue here—Lane was not mistaken about the defendants' identity when he initiated this case; he knew that he didn't know their names. That is not a mistake under Rule 15(c)(1)(C)(ii)" and "without a mistake about identity Lane cannot reach back to his timely filing to bring suit against the individual officers.").

Because Plaintiff was ignorant of, not mistaken about the identify of Hines in his original complaint, the amended complaint does not relate back under Rule 15(c), Therefore, the relation-back doctrine does not save his untimely inadequate medical treatment claim.

*Equitable Tolling*

The Court next considers if equitable tolling (in other words, a pausing of the statute of limitations) changes this result. Equitable tolling "halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera*, 8 F.4th at 499 (citing *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)). A plaintiff carries the burden of showing that he diligently pursued his claim but extraordinary circumstances prevented him from filing a timely complaint. *Sparre v. United States Dep't. of Labor*, 924 F.3d 398, 402–03 (7th Cir. 2019). Equitable tolling is rarely granted. *Herrera*, 8 F.4th at 499.

Plaintiff argues that the doctrine of equitable tolling should save his otherwise untimely claim against Hines because (1) Hines was wearing PPE (specifically a cap, mask and plastic face shield) that covered her face during his treatment, (2) Jail personnel denied him a blank Section 1983 complaint form, which prevented him filing his original complaint sooner, and (3) Cook County attorneys delayed in responding to his interrogatories to learn her identity, which he filed after initiating this suit. [Dkt. 66 at 1-3.]

3

The timing of defense counsel's response to Plaintiff's interrogatories is largely irrelevant. Plaintiff waited until two weeks before the statute of limitations was set to expire to file this suit in the first instance. By the time Plaintiff issued his interrogatories, the statute of limitations had already expired. Plaintiff explains that he did not file this action sooner because Jail officials denied him a blank Section 1983 complaint form (and he eventually obtained one from the Clerk of Court). Even assuming this is true, Plaintiff has not described any action he took during the two-year period before he filed suit to learn Hines' identity. Nor does he suggest that any efforts to do so were somehow thwarted.

Equitable tolling is only available when "the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original). Plaintiff's decision to wait until after this lawsuit was filed to learn Hines' identity does not justify equitable tolling. See *Williams v. City of Joliet*, 2021 WL 5881681, at *2 (N.D. Ill. Dec. 13, 2021) ("Plaintiffs had other options available to them to discover the Defendant Officers' identities within the statute of limitations"). Put another way, Plaintiff—not Jail officials, and not defense counsel—is responsible for the decision to wait to determine Hines' identity until after the statute of limitations had expired. His attempts to argue otherwise are unpersuasive. *Owens*, 2023 WL 3674666, at *3 ("defendants' 'mere silence' about Ulrey's name was not the type of fraudulent concealment that might otherwise require tolling"); *Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 729 (N.D. Ill. 2016) (police department's failure to respond to a Freedom of Information Act request did not excuse the plaintiff's failure to file a timely lawsuit).

In sum, Plaintiff "waited until late in the limitations period to sue and then took no action to start the ball rolling on identifying the unknown" nurse. *Barwicks v. Dart*, 2016 WL 3418570, at *6-7 (N.D. Ill. June 22, 2016) (noting that this was a "course of inaction that may have fatally impaired his ability to maintain any claims against those potential defendants"). Plaintiff's unrepresented status and lack of legal knowledge are "feature[s] shared by the overwhelming majority of prisoners" and thus by themselves do not support equitable tolling because "statutory deadlines would be meaningless if either of these common problems were enough to override the normal rules." *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) (citing *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

The claim against Defendant Hines is dismissed with prejudice as untimely.

Enter: 22-cv-1638
Date:  June 21, 2024

_____
Lindsay C. Jenkins
United States District Judge

4